**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| IN RE: | CASE: 21-10545-MER |
| RYAN JOSEPH RALEY | CHAPTER 13 |
| **Debtor** | |

---

**TRUSTEE'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

---

The Standing Chapter 13 Trustee hereby files his Objection to Confirmation of Chapter 13 Plan and as grounds therefor states as follows:

1. Trustee cannot determine if the plan fully provides for the priority claim of the Internal Revenue Service, 11 U.S.C. §§ 507(a)(8), 1322(a)(2), 1325(a)(1), and if Debtor has filed all returns required by 11 U.S.C. §§ 1308(a), 1325(a)(9).  Proof of Claim No. 2 filed by the IRS indicates Debtor has not filed federal income tax returns for 2018, 2019, and 2020.  Debtor must file the returns and provide for the priority taxes or include the refund in the Chapter 7 Reconciliation.

2. Trustee cannot determine if the plan fully provides for the priority claim of the Colorado Department of Revenue, 11 U.S.C. §§ 507(a)(8), 1322(a)(2), 1325(a)(1), and if Debtor has filed all returns required by 11 U.S.C. §§ 1308(a), 1325(a)(9).  Proof of Claim No. 4 filed by the CDR indicates Debtor has not filed state income tax returns for 2018 and 2020.  Debtor must file the returns and provide for the priority taxes or include the refund in the Chapter 7 Reconciliation.

3. The plan does not provide for the secured claim of Murphy Creek Master Association, Inc. (Proof of Claim No. 3).  11 U.S.C. § 1325(a)(5).

4. Part 2 of the plan should include the bankruptcy Debtor filed July 1, 2020 (Case No. 20-14553).

5. Trustee cannot determine if the collateral for secured creditors is adequately protected.  11 U.S.C. §§ 1325(a)(5)(B)(iii)(II), 1326(a).  Part 10.8 of the plan should include the insurance information which protects the collateral of the secured creditors.

6. Debtor is not contributing all projected disposable income to plan payments.  Schedule J discloses monthly disposable income of $2,168 but the plan proposes monthly payments of $1,961.  The plan must provide for 100% of Class Four claims or Debtor must contribute all projected disposable income to plan payments.  11 U.S.C. § 1325(b)(1).

7. Part 7.4 of the plan over provides $2,671 for Gm Financial.  Gm Financial filed a Proof of Claim (Claim No. 1) showing a balanced owed of $15,797.  The provision for Gm Financial in

Part 7.4 of the plan should be adjusted to match the claim.

The Trustee reserves the right to amend his objection and to report on the Debtor's payment history at the hearing on his Objection.

WHEREFORE, the Standing Chapter 13 Trustee requests that the Court deny confirmation in the above-captioned matter and dismiss or convert the proceeding pursuant to 11 U.S.C. § 1307.

Dated: March 22, 2021                               Respectfully submitted,

/s/ Michael Edlen
Michael Edlen, #49579
Attorney For Douglas B. Kiel, Chapter 13 Trustee
7100 E Belleview Ave, Suite 300
Greenwood Village, Co 80111
(720)398-4444
medlen@denver13.com

CERTIFICATE OF MAILING

I hereby certify that a true and correct copy of the above Trustee's Objection to Confirmation of Chapter 13 Plan was placed in the U.S. Mail, postage prepaid, on March 22, 2021 addressed as follows:

RYAN JOSEPH RALEY
24767 E WYOMING PL
AURORA, CO  80018

Notice by Electronic Transmission was sent to the following persons/parties:

DEVON BARCLAY PC

/s/ Phil Wenzel
*staff for Douglas Kiel, Ch 13 Trustee*